UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KRISTEN MONTOUR, individually, and
as the parent and natural guardian of DM,
and DM,

        Plaintiffs,                                 18-CV-284
                                                               DECISION AND ORDER
       v.

WILLIAM M. ABBOT, TIMOTHY D.
CHRISTIAN, JUSTIN HYDE, TIMOTHY
HOWARD, as Sheriff of Erie County, New
York, and NORFOLK SOUTHERN
RAILWAY COMPANY,

        Defendants.
_____

       On February 22, 2018, two of the five defendants, William M. Abbot and Norfolk Southern Railway Company (collectively, the "removing defendants"), removed this action from New York State Supreme Court, Erie County, to this Court. Docket Item 1. On March 14, 2018, the plaintiffs, DM and Kristen Montour, moved to remand the case back to state court, arguing several substantive and procedural defects in the removal. Docket Item 12.

       On March 22, 2018, the remaining three defendants, Timothy D. Christian, Justin Hyde, and Timothy Howard (collectively, the "non-removing defendants"), filed an affidavit asserting that the plaintiffs' motion to remand "adequately supports remand of the above entitled action back to the New York Supreme Court in and for the County of Erie, where it was originally commenced." Docket Item 15 at 9. On March 28, 2018, the removing defendants filed an affirmation in opposition to the plaintiffs' motion to

remand. Docket Item 16. And on April 5, 2018, the plaintiffs filed an affirmation in further support of their motion to remand. Docket Item 17.

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, 28 U.S.C. §§ 1331, and over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a)(1). Out of respect for states' rights, and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed" with all doubts resolved against removal. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). The removing party bears the burden of establishing jurisdiction. *United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Funeral Fin. Sys., Ltd. v. Solex Express, Inc.*, 2002 WL 598530, at *3 (E.D.N.Y. Apr. 11, 2002) (noting that in the face of a motion to remand, the burden falls on the defendant to prove the existence of jurisdiction and that the case is properly in federal court).

When there are multiple defendants in a case, all of them must agree that the case belongs in federal court. As one district court noted not too long ago:

> Although 28 U.S.C. § 1441 does not explicitly require that all defendants join a notice of removal, "the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty[-]day period." *In re MTBE Prods. Liab. Litig.,* 488 F.3d 112, 134 (2d Cir.2007). This is known as the rule of unanimity.
>
> \* \* \*
>
> The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure

2

and warrants a remand of the case. *Thomas and Agnes Carvel Found. v. Carvel*, 736 F.Supp.2d 730, 740 (S.D.N.Y.2010).

*In re Vill. of Kiryas Joel, N.Y.*, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012) (citation omitted).

"Although the rule of unanimity is strictly applied by the courts, an exception can be found where the non[-]joining defendants are merely nominal." *Id,* at *4. Here, as noted above, the non-removing defendants oppose remand to this court. But the removing defendants argue that the non-moving defendants are nominal—that is, defendants in name only and not necessary to adjudicate this matter—and therefore do not need to join in removal to create unanimity. Docket Item 16.

The removing defendants are incorrect. The argument that the non-moving defendants are nominal is based on the removing defendants' assertion that the non-moving defendants are entitled to qualified immunity. *See* Docket Item 16. But before a court can decide whether a defendant has qualified immunity, the court first must have subject matter jurisdiction. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Qualified immunity is a defense that must be pleaded by a defendant official."); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908) (discussing the well-pleaded complaint rule).

In sum, all five defendants must have joined in the removal to give this Court removal jurisdiction. Because only two of the five defendants have joined in the removal, the case is remanded to state court.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the plaintiffs' motion to remand, Docket Item 12, is GRANTED; and it is further

ORDERED that the Clerk of Court shall transfer this case to the New York State Supreme Court, Erie County, and close the file.

SO ORDERED.

Dated:   August 21, 2018
         Buffalo, New York

                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE